Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
|---|---|---|
| Recurrido | KLCE202401377 | |
| v. | | Sobre: Inf. Art. 131 y 133 CP 2012 |
| JOSÉ LUGO LÓPEZ | | |
| Peticionario | | Caso Núm. ISCR201800289-290 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Juez Rivera Marchand

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2025.

La parte peticionaria, señor José Lugo López, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, el 16 de octubre de 2024, notificada el 17 de octubre de 2024. Mediante la misma, el foro primario declaró a la testigo LLA como testigo no disponible, bajo la Regla 806(A)(4) de Evidencia, 32 LPRA Ap. VI, R. 806(A)(4). Ello, conforme solicitado por el Ministerio Público.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I**

Mediante *Opinión* del 31 de julio de 2024, en el caso *Pueblo v Lugo López,* 2024 TSPR 83, 214 DPR ___ (2024), el Tribunal Supremo de Puerto Rico ordenó al Tribunal de Primera Instancia celebrar una vista de necesidad a los efectos de determinar la procedencia de una petición de indisponibilidad de la testigo menor, LLA, al amparo de la Regla 806(A)(4) de Evidencia, 32 LPRA Ap. VI, R. 806(A)(4). A tales efectos, dispuso:

[...] se devuelve el caso al Tribunal de Primera Instancia para la celebración de una nueva vista de necesidad. Allí, el Ministerio Público, si en su discreción desea continuar con el pedido de no disponibilidad de la testigo L.M.L.A., deberá acreditar dicha condición al foro primario mediante aquella prueba pertinente al estado físico y mental –actual– de la testigo. Recibida la prueba, el foro primario deberá resolver en consonancia con la aquí pautado.

Véase *Opinión* 2024 TSPR 83, pág. 29.

En lo pertinente al proceso de acreditación por el Foro Primario, el Tribunal Supremo expresó en su Sentencia lo siguiente:

[...]

Entre los factores que el foro primario <u>pudiese</u> considerar a la hora de decidir si en efecto se acreditó la no disponibilidad estarían, entre otros:

1) La gravedad de la condición,
2) La importancia del testimonio,
3) La probabilidad de recuperación,
4) El potencial de que el acto de testificar agrave la condición de la persona testigo y,
5) El perjuicio que pueda ocasionar la dilación del proceso al acusado, por su derecho a un juicio rápido, o en cualquier otro caso a la parte afectada.

Véase *Opinión* 2024 TSPR 83, págs. 23-24.

En cumplimiento con lo ordenado, el 11 de octubre de 2024 el Tribunal de Primera Instancia celebró la vista de necesidad. Como perito del Estado, testificó la doctora Frances J. Seda Seda, doctora en psicología clínica con experiencia en casos de abuso sexual, quien evaluó a la menor el 30 de agosto de 2024.

Tras evaluada la prueba pericial, el 17 de octubre de 2024, el Tribunal de Primera Instancia notificó la *Resolución* aquí recurrida. En su dictamen dispuso, que, a su entender, era clara y patente la gravedad de la condición en la que se encontraba la menor LLA, ello a más de dos (2) años de acontecido el percance de salud que sufrió, mientras testificaba en el juicio por jurado proseguido en contra de su padre, el aquí peticionario.

Al abundar, el foro primario detalló que el testimonio de la Perito del Estado estableció que la testigo LLA se encontraba en un

estado crítico, ya que el trauma sufrido a consecuencia de ser víctima de delito por parte de su padre, le provoca un retroceso severo. Por igual, especificó que, según el aludido testimonio, la menor sufre un serio daño emocional e inhabilidad de tener, tanto destrezas sociales, como para la vida diaria. Igualmente, el tribunal expuso que, de acuerdo con la prueba pericial, la testigo LLA sufría de mutismo selectivo, depresión severa, carencia de concentración, rezago académico y ataques de pánico. El tribunal primario también indicó que, según especificó la Perito, la menor LLA escucha voces y sufre de memorias sensoriales a causa de la agresión sexual de la que fue víctima. Al proseguir, la Juzgadora expuso que la Perito concluyó que la niña, lejos de mejorar, mostraba un deterioro en su condición, y que su sintomatología actual era crítica.

En cuanto al criterio sobre la importancia del testimonio, el Tribunal de Primera Instancia destacó que la menor LLA era la principal testigo de cargo en el proceso contra el peticionario.

Respecto a la probabilidad de recuperación de la menor, ello en un futuro cercano o razonable, la Juzgadora estableció que, según el cuadro descrito por la Perito, no podía establecer si en seis (6) meses, un (1) año, dos (2) años o tres (3) años esta habría de estar disponible para testificar, aunque fuera mediante un circuito cerrado.

De igual modo, al expresarse en cuanto al potencial de que el acto de testificar agravara la condición de la menor LLA, el Tribunal de Primera Instancia dispuso que, según el testimonio pericial presentado, quedó establecido que ello sería devastador para la menor.

Por su parte, en cuanto al criterio del perjuicio que pudiera causar al acusado la dilación del proceso, el tribunal primario indicó que, tratándose de un juicio ante jurado, el cual se comenzó a ventilar en marzo del año 2022, por hechos ocurridos entre los años

2013 al 2017, radicado en el año 2017, en el balance de los intereses involucrados, el derecho al careo del peticionario cedía ante la no disponibilidad de la menor LLA para testificar.

Así, conforme la credibilidad que adjudicó al testimonio de la Perito del Estado, el Tribunal de Primera Instancia proveyó conforme lo solicitado por el Ministerio Público y declaró a la menor LLA como testigo no disponible bajo la Regla 806(A)(4) de Evidencia, *supra*. En consecuencia, dispuso que, habiendo ejercido, el peticionario, el derecho a contrainterrogar en vista preliminar, se autorizaba la sustitución del testimonio de la menor LLA por la regrabación de los procedimientos en dicha vista.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 19 de diciembre 2024, el peticionario compareció ante nos mediante el presente recurso de *certiorari*. En el mismo formula los siguientes señalamientos:

> Erró el TPI al declarar no disponible a la testigo LPA, a pesar de que el Ministerio Público no presentó prueba fehaciente y contemporánea sobre la condición de la menor
>
> Erró el TPI al declarar no disponible a la testigo, a pesar de que el Ministerio Público no cumplió con los criterios esbozados por el Tribunal Supremo en Pueblo v. José Lugo López, 2024 TSPR 83.
>
> Erró el TPI al emitir una Resolución declarando no disponible a la testigo al amparo de la Regla 806 (A)(4) por incapacidad mental, rechazando de manera arbitraria los factores que debía considerar: (1) la gravedad de la condición, (2) la importancia del testimonio, (3) la probabilidad de recuperación, (4) el potencial de que el acto de testificar agrave la condición de la persona testigo y (5) el perjuicio que pueda ocasionar la dilación del proceso al acusado, por su derecho a un juicio rápido, o en cualquier otro caso a la parte afectada.

Luego de examinar el expediente de autos, así como la transcripción de los procedimientos orales en la vista de necesidad, y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. Nada en los documentos que nos ocupan, ni en la transcripción de los procedimientos, revela que, en el ejercicio de sus facultades adjudicativas sobre la controversia de autos, el Tribunal de Primera Instancia haya incurrido en error de

derecho o abuso de discreción al disponer de la controversia entre las partes. A nuestro juicio, el foro primario se sujetó a los criterios legales pertinentes, según establecidos por nuestro más Alto Foro, ello a fin de que, en la vista de necesidad, se determinara la procedencia de la solicitud sobre la no disponibilidad de la testigo LLA para declarar en el juicio en contra del peticionario. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones